[Cite as *State v. Jack*, 2017-Ohio-9260.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


STATE OF OHIO,                           :        **O P I N I O N**

           Plaintiff-Appellee,          :
                                                  **CASE NO.  2016-G-0057**
    - vs -                               :

RANDOLPH H. JACK,                        :

           Defendant-Appellant.         :


Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 15 C 000117.

Judgment: Affirmed.


*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, P.O. Box 148, Mentor, OH  44061 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    On February 10, 2016, appellant, Randolph H. Jack, appealed a judgment of the Geauga County Court of Common Pleas, following a bench trial, which found him guilty of two felonies and sentenced him to 30 months in prison.  This court affirmed that decision on December 27, 2016, in *State v. Jack*, 11th Dist. Geauga No. 2016-G-0057, 2016-Ohio-8424.  On March 9, 2017, this court granted appellant's motion to reopen his direct appeal for the limited purpose of considering whether the trial court erred by

imposing separate sentences for alleged allied offenses, in contravention of R.C. 2941.25, and whether previous appellate counsel was ineffective for failing to raise this issue. For the reasons that follow, the trial court's judgment is affirmed.

{¶2} On June 2, 2015, Detective John Bilicic of the Geauga County Sheriff's Department was investigating whether appellant was unlawfully purchasing chemicals for the manufacture of drugs. He was informed by Lieutenant Pomnean of the Chester Township Police Department that appellant was also suspected of attempting to sell a 2014 Caterpillar Skid Steer that was reported stolen in Radford City, Virginia, on or about May 15, 2015. The communication received from the Radford City Police Department included a picture of the skid steer, its model number (259B3), its serial number (YYZ0443765SSGPO14591), and stated there was reason to believe appellant had listed it for sale on craigslist.org.

{¶3} Detective Bilicic contacted Detective Eric McClanahan of the Radford City Police Department and was informed the suspect had towed the skid steer from a worksite on a trailer behind a white pickup truck. The truck's lower half was a color other than white, had a red cap (or "campertop-like device") on the back of the truck, and a tow mirror on the passenger side of the truck. The trailer had a Virginia registration sticker affixed to it and chrome lug nuts on only one wheel.

{¶4} Detective Bilicic accessed the posting on craigslist.org, which listed the model number as 259B3 and the selling price as $31,000. Detective Bilicic sent a text message to the number listed on the posting, expressing an interest in purchasing the skid steer. The seller responded he would only accept cash because he did not have a

2

bank account. A meeting was arranged for 8:00 a.m. on June 3, 2015, in Auburn Township.

{¶5} At the meeting site, Detective Bilicic observed appellant driving a white pickup truck with a different-colored lower half, but it did not have tow mirrors or a red cap on the back. Attached to the truck was a trailer that had chrome lug nuts on only one wheel. The trailer had a Virginia registration sticker but Ohio license plates. On the trailer was a 2014 Caterpillar Skid Steer, model number 259B3. Detective Bilicic compared the serial number of the skid steer with the serial number provided by the Radford City Police Department, which he had written on his hand. The first eight digits and letters on his hand (YYZ04437), taken from the entire number provided by Radford City Police (*YYZ04437*765SSGPO14591), matched the last eight digits and letters affixed to the skid steer (CAT0259BP*YYZ04437*).

{¶6} Detective Bilicic arrested appellant for Receiving Stolen Property. Based on the entire serial number provided from the piece of machinery, dispatch reported to Detective Bilicic that the skid steer was not reported stolen. Almost immediately, however, Detective Bilicic received confirmation from Caterpillar that the skid steer was, in fact, the one reported stolen and explained that both numbers were assigned to the machine for different purposes: one was the "serial number" and one was the "PIN."

{¶7} The truck, trailer, and skid steer were impounded. Detective Jeffrey Raymond of the Geauga County Sheriff's Office performed an inventory search of the truck and discovered methamphetamine behind the gas cap and bolt cutters under the hood. Detective Bilicic received a search warrant from the Chardon Municipal Court authorizing him to search appellant's cell phone, which was seized incident to the arrest.

The cell phone contained evidence of criminal activity regarding the stolen skid steer and a stolen boat.

{¶8} Appellant was arrested on June 3, 2015, and was arraigned in the Chardon Municipal Court. The matter was subsequently bound over to the Geauga County Court of Common Pleas. On July 14, 2015, appellant was indicted by the Geauga County Grand Jury on six counts: (1) Receiving Stolen Property (the skid steer), a fourth-degree felony, in violation of R.C. 2913.51(A); (2) Aggravated Possession of Drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) & (C)(1)(a); (3) Possessing Criminal Tools (the impounded truck), a fifth-degree felony, in violation of R.C. 2923.24(A); (4) Grand Theft (the boat), a fourth-degree felony, in violation of R.C. 2913.02(A)(1); (5) Breaking and Entering, a fifth-degree felony, in violation of R.C. 2911.13(B); and (6) Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a third-degree felony, in violation of R.C. 2925.041(A).

{¶9} Appellant remained in jail in lieu of posting bond and was appointed a public defender. He filed various pro se motions, which the trial court overruled, including motions to remove his public defender, to readdress bond consideration, and to dismiss on the basis of a speedy trial violation. The public defender was subsequently granted leave to withdraw on September 22, 2015, due to a "complete breakdown in the attorney/client relationship." The trial court appointed new counsel to represent appellant on October 7, 2015, who then filed a motion to suppress evidence. The motion was overruled following a hearing.

{¶10} Appellant filed a waiver of jury trial. The state dismissed Count Five and Count Six (Breaking and Entering and Illegal Assembly or Possession), and the matter

4

proceeded to trial before the bench on February 1, 2016. The state presented evidence and witness testimony; appellant presented neither.

{¶11} On February 2, 2016, the trial court issued its verdict, finding appellant guilty of Count One and Count Three (Receiving Stolen Property and Possessing Criminal Tools) and not guilty of Count Two and Count Four (Aggravated Possession of Drugs and Grand Theft). Appellant was sentenced on February 5, 2016, to maximum, consecutive sentences: 18 months on Count One and 12 months on Count Three, for a total term of 30 months in prison.

{¶12} Appellant filed a timely notice of appeal and raised issues of speedy trial, suppression of evidence, manifest weight of the evidence, and imposition of maximum sentences. This court affirmed the trial court's judgment. *See id.* at ¶59.

{¶13} Now, in his reopened appeal, appellant raises one assignment of error and presents two issues for our review:

{¶14} "The trial court erred to the prejudice of the defendant-appellant by failing to merge allied offenses of similar import for sentencing purposes."

> [1.] Did the trial court err when it imposed separate sentences for offenses that arose from the same conduct, were not committed separately or with separate animus, and should have been merged for sentencing purposes under R.C. 2941.25?
>
> [2.] Was the defendant-appellant's counsel ineffective for failing to raise the issue of merger on appeal?

{¶15} Appellant asserts the trial court erred because his convictions for Receiving Stolen Property and Possession of Criminal Tools should have merged, as allied offenses of similar import, for purposes of sentencing.

5

{¶16} R.C. 2941.25 "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶7. "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶17} "The determination whether an offender has been found guilty of allied offenses of similar import 'is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct,' and 'an offense may be committed in a variety of ways'." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶18, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶26 & ¶30. "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses:

> (1) Were the offenses dissimilar in import or significance?
> (2) Were they committed separately? and
> (3) Were they committed with separate animus or motivation?

6

*Ruff, supra,* at ¶31; *see also id.* at ¶13, citing *State v. Moss,* 69 Ohio St.2d 515, 519 (1982). "An affirmative answer to any of the above will permit separate convictions." *Id.* at ¶31.

{¶18} We review a trial court's R.C. 2941.25 determination de novo. *State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, ¶1. However, the dissent in *Williams* makes a suggestion worthy of note about deference to the trial court's factual determinations, especially where, as here, the trial was to the court and the focus is on the defendant's conduct. *See id.* at ¶29-30 (O'Donnell, J., dissenting).

{¶19} Appellant was convicted of Receiving Stolen Property, in violation of R.C. 2913.51(A), in that he received, retained, or disposed of "property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." He was also convicted of Possessing Criminal Tools, in violation of R.C. 2923.24(A), in that he possessed or had under his control "any substance, device, instrument, or article, with purpose to use it criminally."

{¶20} It is possible for these two offenses, under certain circumstances to be allied and subject to merger. *See, e.g., State v. Fairfield,* 8th Dist. Cuyahoga No. 97466, 2012-Ohio-5060, ¶29, following *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314 (considering the defendant's conduct "under the facts of this case, * * * possession of criminal tools and receiving stolen property are allied offenses of similar import that must be merged"). Thus, pursuant to *Johnson* and *Ruff,* we consider whether these offenses, in the context of appellant's particular conduct, were either (1) dissimilar in import or significance, (2) committed separately, or (3) committed with a separate animus or motivation.

**{¶21}** We answer the second and third questions in the affirmative: appellant did commit these acts separately and with a separate animus or motivation. "Animus" refers to the defendant's "purpose or, more properly, immediate motive." *State v. Logan,* 60 Ohio St.2d 126, 131 (1979).

**{¶22}** Appellant was continuously committing the crime of Receiving Stolen Property from the time he removed the skid steer from the worksite until the day he attempted to sell it to Detective Bilicic on June 3, 2015. Appellant separately committed the crime of Possessing Criminal Tools when he attached the trailer to the truck with the immediate motive to meet Detective Bilicic and sell him the stolen skid steer. In other words, appellant was not in possession of the criminal tool at the time he initially received the stolen property; the truck was not a criminal tool until days later.

**{¶23}** The trial court did not err when it imposed separate sentences for these two offenses, and appellate counsel was not ineffective for failing to raise the issue on direct appeal. Appellant's assignment of error in his reopened appeal is not well taken.

**{¶24}** The judgment of the Geauga County Court of Common Pleas is hereby affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶25}** I respectfully dissent.

8

{¶26} Under R.C. 2941.25, Ohio's multiple-count statute, if a defendant's conduct results in allied offenses of similar import, the defendant may ordinarily be convicted of only one of the offenses. R.C. 2941.25(A). However, if the defendant commits each offense separately or with a separate animus, then convictions may be entered for both offenses. R.C. 2941.25(B).

{¶27} The majority recognizes that receiving stolen property and possession of criminal tools can be allied offenses. Here the majority holds that appellant demonstrated a separate animus when he attached the trailer to the truck, thus transporting the skid steer so that it could be sold. The majority contends that this action precludes merger.

{¶28} However, had appellant arranged to meet Detective Bilicic where the stolen skid steer was located, he still would have possessed the motive (animus) to sell the skid steer. But he could not be charged with, convicted of, and sentenced on a separate criminal charge. If appellant's intent was to sell the skid steer, how can the use of a truck to move it result in convictions for two offenses whereas leaving the skid steer in place would result in only one conviction?

{¶29} This case involves only one victim and one harm: the dispossession of the skid steer. The facts support that appellant received stolen property with the intent of disposing of it. The facts do not support that appellant possessed a separate animus when he transported the stolen property to accomplish its disposition.

{¶30} "'[T]he purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence.'" *State v. Helms,* 7th Dist. Mahoning No. 08 MA 199, 2012–Ohio–1147, ¶68, quoting *Johnson, supra,* at ¶43, citing

9

*Maumee v. Geiger,* 45 Ohio St.2d 238, 242 (1976). In this case, multiple sentences have been improperly "heaped" on appellant, pursuant to the principles and purposes of sentencing under R.C. 2929.11, which provides: "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender *using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.*" R.C. 2929.11(A). (Emphasis added.) Thus, the legislature has given us the tools as well as a mandate to address the issues of keeping dangerous criminals off the street, while balancing Ohio's financial deficits and an already overcrowded prison system.

{¶31} Based on the facts in this case, receiving stolen property and possession of criminal tools are allied offenses of similar import, were committed with the same animus, and should have merged. Therefore, I disagree with the outcome reached by the majority as I believe the trial court erred in stacking appellant's offenses.

{¶32} I respectfully dissent.