[Cite as *State v. Smith*, 2019-Ohio-1952.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0061** |
| JONATHON KIRKLAND SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CR 0054.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Diane Barber* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Jonathon Kirkland Smith, appeals from the judgment of conviction entered by the Trumbull County Court of Common Pleas on June 12, 2018, following a plea of guilty to six felony offenses. The issues on appeal relate to merger of offenses and imposition of sentence. The judgment is affirmed.

{¶2} On February 13, 2018, appellant was indicted by the Trumbull County Grand Jury in a six-count indictment: Aggravated Robbery, first-degree felonies in

violation of R.C. 2911.01(A)(1)&(C) with firearm specifications (Counts 1 & 2); Kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(2)&(C)(1) with a firearm specification (Count 3); Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13(A)(3)&(B) (Count 4); Carrying Concealed Weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2)&(F)(1) (Count 5); and Improperly Handling Firearms in a Motor Vehicle, a fourth-degree felony in violation of R.C. 2923.16(B)&(I) (Count 6).

{¶3} Appellant entered a plea of guilty to all counts of the indictment on March 28, 2018. The prosecuting attorney provided the following factual basis for the charges and presented appellant's prior convictions, in both state and federal court, for possession of cocaine and possession with intent to distribute cocaine.

{¶4} On December 23, 2017, appellant entered a Boost Mobile store in Niles, Ohio, brandishing a .40 caliber Taurus pistol, and demanded the store clerk empty the cash register. He ordered the clerk to various locations in the store at gunpoint, threatening to shoot her, before leaving her in a back room; he told her not to move or he would shoot her. Appellant stole money from the cash register and six brand new cell phones from the store. He also stole the store clerk's wallet and cell phone. Appellant was apprehended a short time later in a vehicle at a parking lot in Howland Township, Ohio. The vehicle was searched pursuant to a search warrant. The brand-new cell phones and the clerk's wallet and cell phone were found. The loaded pistol was also located in a pocket on the rear of the passenger's seat, which would have been within reach of appellant.

{¶5} The trial court accepted appellant's guilty plea and ordered a pre-sentence investigation. The state filed a sentencing memorandum, requesting maximum consecutive sentences. It argued the only counts that should merge were Counts 5 and 6. Appellant filed a sentencing memorandum, arguing the kidnapping and aggravated robbery counts should also merge as allied offenses of similar import. Alternatively, appellant requested concurrent sentences on the two aggravated robbery counts.

{¶6} A sentencing hearing was held June 6, 2018. The trial court found the two counts of aggravated robbery do not merge, as there were separate victims with separate harm, to wit: Boost Mobile and the store clerk. The court also found the kidnapping count does not merge with either aggravated robbery count, as it was committed with a separate animus with a different likelihood of harm. Therefore, the firearm specifications for all three of those offenses did not merge. The trial court did merge Count 5, carrying a concealed weapon, with Count 6, improperly handling firearms in a motor vehicle, and the state elected to proceed to sentencing on Count 5.

{¶7} The trial court found appellant has been in prison on several occasions, has a lengthy history of federal and state felony convictions, was on parole for federal crimes at the time of the instant offenses, and has a high risk of recidivism.

{¶8} The trial court sentenced appellant to an aggregate prison term of 20 years: concurrent sentences of eleven years on Counts 1, 2, and 3; thirty-six months on Count 4 and seventeen months on Count 5, each to run concurrent to each other and concurrent to Counts 1, 2, and 3; and three years on each firearm specification, to run prior to and consecutively to Counts 1, 2, and 3. The entry on sentence was issued July 12, 2018.

{¶9} Appellant noticed this appeal and asserts two assignments of error for our review. His first assignment of error states:

{¶10} "The trial court erred by sentencing the appellant to the maximum term of incarceration available on Counts One, Two and Three."

{¶11} Appellant initially maintains Ohio law is inconsistent with regard to the appropriate standard of appellate review. Arguing the trial court "abused its discretion," appellant cites to a Ninth District opinion, *State v. Colburn*, 9th Dist. Medina No. 14CA0012-M, 2016-Ohio-165, which utilized the "two-step approach" outlined in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. *Kalish* is an outdated opinion from the Supreme Court of Ohio, which was abrogated not long after *Colburn* was decided, as stated in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002. Since the 2016 *Marcum* decision, it is well-accepted and well-settled throughout Ohio that the appropriate standard of review for felony sentences is found in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is <u>not</u> whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law. [Emphasis added.]

{¶12} Appellant has not provided this court with any argument as to why the trial court's imposition of sentence is either contrary to law or not supported by the record. Appellant merely argues that imposition of the maximum terms of incarceration for Counts

4

1, 2, and 3 must be reversed because he "entered guilty pleas to all of the charges in the indictment and, unquestionably, accepted full responsibility for his actions."

{¶13} There is absolutely no basis in the law to reverse a sentence solely because the defendant chose to plead guilty to each count in an indictment and, by doing so, accepted full responsibility for his or her actions.

{¶14} We further note that appellant faced a possible aggregate prison term of 33 years for Counts 1, 2, and 3. He, in fact, faced a possible total prison term of 46.5 years for all six felonies, taking into account the merger of Counts 5 and 6. Instead, the trial court ordered each sentence be served concurrent to each other, with the exception of the firearm specifications, resulting in an aggregate prison term of 20 years.

{¶15} Appellant has not demonstrated that the trial court erred in sentencing him to the maximum terms of incarceration for Counts 1, 2, and 3. The sentence is not contrary to law, and the trial court's findings are supported by the record.

{¶16} Appellant's first assignment of error is without merit.

{¶17} Appellant's second assignment of error states:

{¶18} "The trial court erred, as a matter of law, by failing to merge both of the aggravated robbery counts with one another, as well as the count for kidnapping."

{¶19} Appellant argues it was error to merge both aggravated robbery counts and the kidnapping count because all of the allegedly stolen items were taken during one continuous transaction, one victim was involved, and one location was breached.

{¶20} R.C. 2941.25 specifies when merger is appropriate and "incorporates the constitutional protections against double jeopardy. These protections generally forbid

5

successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶7.  R.C. 2941.25 provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."  *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus.  Two or more offenses may result in multiple convictions if any of the following are true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation."  *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶25.  "[T]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable."  *Id.* at ¶26.

{¶22} We review a trial court's R.C. 2941.25 determination de novo.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶1.  "As in cases involving review of motions to suppress, 'the appellate court must * * * independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal

6

standard.'" *Id.* at ¶26, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8; *see also State v. Peace*, 11th Dist. Portage No. 2017-P-0037, 2018-Ohio-3742, ¶13; *but see Williams*, *supra*, at ¶30 (O'Donnell, J., dissenting) ("because it is a mixed question of law and fact, an appellate court reviews the legal conclusion of whether the offenses are allied using a de novo standard, but because the trial judge is the fact-finder, * * * the appellate court should defer to the factual findings of the trial court provided they are supported by some competent, credible evidence") and *State v. Jack*, 11th Dist. Geauga No. 2016-G-0057, 2017-Ohio-9260, ¶18.

{¶23} Appellant was convicted of Aggravated Robbery and Kidnapping, in violation of R.C. 2911.01(A)(1) and R.C. 2905.01(A)(2), respectfully. The relevant portions of these statutes provide:

> Aggravated Robbery: (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

> Kidnapping: (A) No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (2) To facilitate the commission of any felony or flight thereafter[.]

{¶24} It is possible for these two offenses, under certain circumstances, to merge as allied offenses of similar import. *See, e.g., In re A.G.*, 8th Dist. Cuyahoga No. 101010, 2016-Ohio-5616 (where the victim opened his car door after obtaining cash from an ATM, the defendant pulled a gun from his pocket and threatened to shoot the victim unless he got into the car); *State v. Phipps*, 10th Dist. Franklin No. 15AP-524, 2016-Ohio-663

7

(where the victims were held at gun point only for as long as necessary to commit the aggravated robbery).

{¶25} In *State v. Logan*, 60 Ohio St.2d 126 (1979), the Ohio Supreme Court provided guidelines for determining whether kidnapping is an allied offense of another crime:

> (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
>
> (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id.* at syllabus. "'Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* in determining whether kidnapping and another offense were committed with a separate animus, in accordance with the third prong of the *Ruff* test.'" *State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, ¶15, quoting *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 104267, 2017-Ohio-7252, ¶47, *reopened on other grounds*, citing *State v. Armengau*, 10th Dist. Franklin No. 14AP-679, 2017-Ohio-4452, ¶125, *State v. Williams*, 7th Dist. Mahoning No. 13 MA 125, 2015-Ohio-4100, ¶18, and *State v. Stinnett*, 5th Dist. Fairfield No. 15-CA-24, 2016-Ohio-2711, ¶53.

{¶26} We find the facts of this case similar to those in *State v. Randle*, 3d Dist. Marion Nos. 9-17-08 & 9-17-09, 2018-Ohio-207. In *Randle*, the defendant led the victim to the front of the store at knife point. *Id.* at ¶16. The Court held this was kidnapping for the purpose of facilitating a robbery and was, therefore, committed with the same animus

8

as the robbery. *Id.* After the victim emptied the cash register and lottery box into a bag, however, the defendant ordered the victim to a back room and locked her in a closet. *Id.* The Court held this was kidnapping for the purpose of facilitating the defendant's escape: it was not necessary to further the robbery nor was it incidental to committing the robbery. *Id.* at ¶17. Thus, locking the victim in a closet was committed with a separate animus than the robbery. *Id.*

{¶27} Here, the trial court found the kidnapping charge did not merge with either aggravated robbery charge because "there was a separate animus with different likelihood of harm." Upon independent review of the facts, we agree. Leading the store clerk through the store at gunpoint was for the purpose of facilitating the aggravated robbery. However, appellant's asportation of the clerk to the back room, where she was told not to leave under threat of being shot, was for the purpose of facilitating his escape. Similar to *Randle*, we conclude this act was committed with a separate animus than both counts of aggravated robbery.

{¶28} The trial court did not err in failing to merge the kidnapping count with either aggravated robbery count, as they are not allied offenses of similar import under the circumstances of this case.

{¶29} The trial court also did not err in failing to merge the two aggravated robbery counts. The trial court found "there was separate victims with separate harm." Upon independent review of the facts, we agree. Items belonging to Boost Mobile were stolen, and personal items belonging to the store clerk were stolen. Therefore, we conclude there was separate, identifiable harm.

{¶30} Appellant argues a store employee is the "owner" of the store's property for purposes of the aggravated robbery statute. He relies on *State v. Jones*, 1st Dist. Hamilton No. C-160826, 2018-Ohio-1130, where the defendant's indictment listed a store employee as the victim of an aggravated burglary of a gas station. The defendant argued there was insufficient evidence to convict him, because he stole items from the store, not from the employee. *Id.* at ¶28. The First District held the employee was the owner of the items taken, i.e., with rights superior to that of the defendant, pursuant to the statutory definition of "owner." *Id.* at ¶29, citing R.C. 2913.01(D) ("'owner' means, unless the context requires a different meaning, any person, other than the actor, who is the owner of, who has possession or control of, or who has any license or interest in property or services," even if unlawful). Thus, the First District held there was sufficient evidence to support the defendant's conviction of aggravated burglary. *Id.* *Jones* did not involve issues of merger or multiple victims, and the defendant did not take personal items from the store employee in addition to store property. The case is therefore inapposite to the legal matter at hand.

{¶31} Appellant's second assignment of error is without merit.

{¶32} The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

10