[Cite as *State v. Miles*, 2020-Ohio-6921.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0032** |
| XAVIER M. MILES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2019 CR 01004.

Judgment: Affirmed in part and reversed in part; remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Seneca Konturas*, P.O. Box 662, Aurora, OH 44202 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Xavier M. Miles ("Miles"), appeals from the nunc pro tunc order and journal entry of the Portage County Court of Common Pleas sentencing him to an indefinite sentence following a plea of guilty to one fifth-degree felony and two first-degree felonies with attendant firearm specifications. The trial court's judgment is affirmed in part and reversed in part, and the matter is remanded.

{¶2} Miles was accused of being involved in the armed robbery of a Verizon store in Streetsboro, Ohio, as well as the kidnapping of a store employee. The

circumstances regarding the robbery are not in dispute. On July 17, 2019, Miles and three accomplices arrived at the Verizon store in a rented vehicle and entered wearing masks and gloves. They forced the manager working in the store ("the Victim") to the back room where he was ordered to open a safe containing merchandise. The Victim was struck several times, threatened, and had his hands bound behind his back. Police arrived on the scene after being called by an employee at a neighboring store and ultimately detained all four suspects.

{¶3} On January 31, 2020, Miles entered a plea of guilty to one count of Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1), and one count of Kidnapping, a first-degree felony in violation of R.C. 2905.01. Each of those counts included a firearm specification under R.C. 2929.14 and 2941.145. He also pled guilty to an amended count of Escape, a fifth-degree felony in violation of R.C. 2921.34, which has not been challenged in the present appeal.

{¶4} Miles was sentenced on February 14, 2020. The trial court imposed a 10-year prison sentence on the Aggravated Robbery count and a 4-year prison sentence on the Kidnapping count—plus 3-year prison sentences for each firearm specification, all to be served consecutively for a total of 20 years. The trial court also ordered a 12-month prison sentence for the Escape count, to run concurrently with the other terms. Miles was advised at the hearing that he could face up to an additional 5 years in prison, which would be decided by the Ohio Department of Rehabilitation and Correction ("DRC"). The trial court filed a nunc pro tunc sentencing order and journal entry on February 19, 2020, adding a previously omitted felony level.

{¶5} From that order, Miles noticed a timely appeal and asserts two assignments of error.

{¶6} Miles' first assignment of error states:

The trial court erred in failing to merge the Aggravated Robbery and Kidnapping charges when sentencing Appellant under R.C. 2941.25.

{¶7} Miles maintains the trial court should have merged the Aggravated Robbery and Kidnapping counts for purposes of sentencing, because his actions were committed with the singular purpose of robbing the Verizon store. He further asserts that even though he did not raise the merger issue at the trial level, the trial court's alleged error must be considered plain error.

{¶8} Because Miles failed to seek merger of his convictions as allied offenses of similar import in the trial court, he forfeited this claim for appellate review. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶21. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Id.* at ¶22. However, Miles has the burden to show "'an error, *i.e.*, a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings[.]'" *Id.*, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The error must have also affected Miles' substantial rights, and Miles "is therefore required to demonstrate a reasonable *probability* that the error resulted in prejudice[.]" *Id.*, citing *Barnes*, *supra*, at 27 and *United States v. Benitez*, 542 U.S. 74, 81-83 (2004) (emphasis sic).

{¶9} Pursuant to R.C. 2941.25(A), the trial court's duty to merge counts for allied offenses of similar import at sentencing "is mandatory, not discretionary," and "[a] defendant's plea to multiple counts does not affect the trial court's duty to merge those allied counts at sentencing." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶26 (citations omitted). R.C. 2941.25 "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶7. "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶10} "Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶30.

{¶11} "When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar

4

import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses." *Id.* at ¶24, citing R.C. 2941.25(B). "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses:

(1) Were the offenses dissimilar in import or significance?

(2) Were they committed separately? and

(3) Were they committed with separate animus or motivation?

An affirmative answer to any of the above will permit separate convictions." *Id.* at ¶31; *see also id.* at ¶13, citing *State v. Moss*, 69 Ohio St.2d 515, 519 (1982).

{¶12} In support of his argument that the counts of Aggravated Robbery and Kidnapping should merge, Miles directs our attention to the First Appellate District decision in *State v. Anderson*, 1st Dist. Hamilton No. C-110029, 2012-Ohio-3347. There, the defendant used a gun during a bank robbery to move customers and employees into a common area. *Id.* at ¶22. The First Appellate District held that the conduct "constituting the kidnapping was incidental to and in furtherance of the aggravated robbery" and was not committed with a separate animus, thereby making the aggravated robbery and kidnapping counts allied offenses subject to merger. *Id.* at ¶32.

{¶13} In response, the state points to our decisions in *State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, and *State v. Smith*, 11th Dist. Trumbull No. 2018-T-0061, 2019-Ohio-1952, in support of its argument that the present counts

5

should not be subject to merger. We find the facts in *Cook* and *Smith* to be more closely aligned with the circumstances in the present matter.

{¶14} In the matter sub judice, the acts that constitute the kidnapping count were not merely incidental to the aggravated robbery. Binding the Victim's hands, striking him, and threatening to kill him are separate escalating actions which were committed with separate animus or motivation, much like the facts in *Cook*. *See Cook*, *supra*, at ¶2 (where the victim was assaulted, forced to the basement at gunpoint, tied to a chair, beaten with a gun, threatened, and had lighter fluid poured on him). Also, like in *Smith*, the moving of the Victim into a back room and binding of his hands was not in furtherance of a robbery, but to facilitate an escape. *See Smith*, *supra*, at ¶4 (where the victim was moved to the back room of a store at gunpoint and left there under threat of being shot while the offender left the store). Therefore, the conclusion that the Aggravated Robbery count and Kidnapping count were not allied offenses subject to merger was not plain error.

{¶15} Miles' first assignment of error is without merit.

{¶16} Miles' second assignment of error states:

> The trial court erred in sentencing Appellant under Reagan Tokes indefinite sentencing structure when the court failed to notify Appellant of the minimum term imposed; Appellant's rebuttable presumption of release at the expiration of the minimum term; and, the maximum term imposed.

{¶17} The Reagan Tokes Act went into effect in Ohio on March 22, 2019. The Act requires a sentencing court imposing a prison term for felonies of the first or second degree, committed on or after the effective date, to impose "an indefinite prison term with a stated minimum term selected by the court" under R.C. 2929.14(A)(1)(a) or (2)(a)

6

"and a maximum term that is determined pursuant to" the formulas provided in R.C. 2929.144.

{¶18} The Act also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The DRC may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶19} Miles argues in his second assignment of error that the trial court failed to inform him of the following, as required by law, at his sentencing hearing: (1) the sentence imposed by the court was the minimum sentence; (2) the rebuttable presumption that he shall be released at the expiration of his minimum term or presumptive release date, whichever is earlier; (3) if he has not been released prior to the expiration of his maximum prison term imposed, he must be released upon the expiration of that term; and (4) both the maximum and minimum term imposed.

{¶20} Pursuant to R.C. 2929.19(B)(2)(c), the court is required to inform a defendant as follows at a sentencing hearing:

7

(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

8

{¶21} R.C. 2929.144(B) provides formulas for determining the offender's "maximum prison term that is part of the sentence." Miles' prison term falls within the sentencing category of R.C. 2929.144(B)(2), which states:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

{¶22} Additionally, mandatory prison sentences for specifications are never to be considered or included when calculating the offender's maximum prison term:

> Any mandatory prison term, or portion of a mandatory prison term, that is imposed or to be imposed on the offender under division (B), (G), or (H) of section 2929.14 of the Revised Code or under any other provision of the Revised Code, with respect to a conviction of or plea of guilty to a specification, and that is in addition to the sentence imposed for the underlying offense is separate from the sentence being imposed for the qualifying first or second degree felony committed on or after the effective date of this section and shall not be considered or included in determining a maximum prison term for the offender under divisions (B)(1) to (3) of this section.

R.C. 2929.144(B)(4); *see also State v. Tyson*, 3d Dist. Allen No. 1-19-72, 2020-Ohio-5049, ¶9.

{¶23} The statute further directs, "The court shall impose this maximum term at sentencing as part of the sentence it imposes under section 2929.14 of the Revised

Code, and shall state the minimum term it imposes under division (A)(1)(a) or (2)(a) of that section, and this maximum term, in the sentencing entry." R.C. 2929.144(C).

{¶24} The trial court's February 19, 2020 nunc pro tunc entry sentenced Miles as follows, in relevant part: an indefinite term of 10 years for Aggravated Robbery and a term of 3 years for the firearm specification, a term of 4 years for Kidnapping and a term of 3 years for the firearm specification, all to run consecutive to one another; and a term of 12 months for Escape to run concurrent to the aforementioned sentence, "for a total of Twenty (20) years, or until such time as he is otherwise legally released." Subsequent to the filing of his notice of appeal, the trial court issued a second nunc pro tunc sentencing order, advising Miles that he is sentenced to "a total of Twenty (20) years, or an indefinite term of Twenty-five (25) years, or until such time as he is otherwise legally released."

{¶25} With regard to the maximum term, both entries provide: "The Defendant was advised Count One is a qualifying offense and as such the Defendant could receive up to an additional 50 percent of the minimum sentence for behavior deemed inappropriate by the [DRC]. The Defendant was advised that in this particular case he could face an indefinite maximum sentence of up to 15 years."

{¶26} While the stated prison term of 20-25 years is accurate, it is apparent from these entries and the transcript of the sentencing hearing that the trial court did not properly advise Miles of the minimum terms for his qualifying first-degree felonies and did not properly calculate and advise Miles of his maximum prison term. Under the Reagan Tokes Act, the maximum term imposed is not offense specific. As applied to the circumstances of Miles' sentence, the trial court is ordered to aggregate the

10

minimum and definite consecutive terms imposed for each first- and second-degree felony offense—but not for the specifications—in order to calculate the overall maximum term. R.C. 2929.144(B)(2) & (B)(4).

{¶27} The state concedes the trial court failed to properly calculate and inform Miles of his maximum prison term. Further, the state concedes the trial court failed to provide the required notices under R.C. 2929.19(B)(2)(c)(i) and (v). Accordingly, the matter must be remanded for the limited purpose of conducting a resentencing hearing. *See State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶37.

{¶28} Pursuant to the Reagan Tokes Act and all relevant sentencing statutes, the trial court shall inform Miles, inter alia, of the sentence imposed for each offense and specification; that the firearm specification sentences (6 years) are to be served prior to and consecutively to the sentences for the underlying offenses; the indefinite minimum prison term for each of the qualifying first-degree felony offenses (10 years and 4 years); and the maximum prison term (19 years), which is equal to the total of the consecutive sentences imposed for Miles' first-degree felonies plus 50 percent of the sentence imposed for his most serious felony. As calculated, this results in a total stated prison term of 20-25 years.

{¶29} The trial court shall also inform Miles of all required notices under R.C. 2929.19(B)(2)(c), including:

> (1) That it is rebuttably presumed that Miles will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on his presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier; and

(2) That if Miles has not been released prior to the expiration of his maximum prison term imposed as part of the sentence, he must be released upon the expiration of that term.

Finally, the trial court shall journalize a resentencing entry that properly reflects the calculation of Miles' sentence and all statutorily required notifications.

{¶30} Miles' second assignment of error has merit.

{¶31} The judgment of the Portage County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for a limited resentencing hearing consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.