[Cite as *State v. Cook*, 2018-Ohio-788.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0096** |
| DENNIS G. COOK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 2016 C 000002.

Judgment: Affirmed.


*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Dennis G. Cook, appeals from the judgment of conviction entered by the Geauga County Court of Common Pleas on October 7, 2016. The issues on appeal are solely related to the trial court's imposition of sentence. For the reasons that follow, the trial court's judgment is affirmed.

{¶2} On the night of November 28, 2015, appellant and two others (Mr. Heller and Mr. Johnson) parked down the street from a residence located on Tavern Road in

Burton, Ohio. They kicked open the door of the residence and held the occupant at gun point. The trio was described by the victim as wearing ski masks and carrying guns. The victim was assaulted and forced into the basement at gun point; he was tied to a chair and beaten with a gun. One of the perpetrators poured lighter fluid on the victim and threatened to light it unless he told them where to find his money and marijuana. The house was ransacked, and the offenders stole money, marijuana, and a cell phone from the victim.

{¶3} Appellant was indicted by the Geauga County Grand Jury on February 1, 2016, in a seven-count indictment. Appellant entered a plea of guilty on July 25, 2016, to Aggravated Robbery, in violation of R.C. 2911.01(A)(1), a first-degree felony (Count 1); Kidnapping, in violation of R.C. 2905.01(A)(2), a first-degree felony (Count 5); and Carrying a Concealed Weapon, in violation of R.C. 2923.12(A)(2), a fourth-degree felony (a stipulated lesser-included offense to Count 6). The remaining counts of the indictment were dismissed.

{¶4} A sentencing hearing was held on September 26, 2016. It was emphasized that Mr. Heller had masterminded the criminal plan; he had been at the home previously to repair the furnace, and the victim had indicated he could sell Mr. Heller marijuana. Mr. Heller received a thirteen-year prison sentence for his role in the crimes. It was also stressed that Mr. Johnson escalated the physical violence once the trio was inside the residence and that appellant did not actually inflict any physical harm on the victim. Mr. Johnson received seventeen years in prison for his role in the crimes. In addition, defense counsel argued that the Aggravated Robbery and Kidnapping counts should merge for purposes of sentencing.

2

**{¶5}** The trial court imposed a seven-year prison sentence for Aggravated Robbery, a six-year prison sentence for Kidnapping, and an eighteen-month prison sentence for Carrying a Concealed Weapon. The trial court rejected the merger argument and ordered the Aggravated Robbery and Kidnapping sentences to run consecutively with each other and concurrent to the sentence for Carrying a Concealed Weapon, for a total prison sentence of thirteen years.

**{¶6}** The trial court issued its judgment of conviction on October 7, 2016. Appellant timely appealed and raises two assignments of error for our review:

> [1.] The trial court erred to the prejudice of the appellant by not finding that the offenses of aggravated robbery and kidnapping merge, and sentencing him separately and consecutively for a total of thirteen years.

> [2.] The trial court erred to the prejudice of the appellant by sentencing him to thirteen years in prison and the sentence was therefore excessive.

## Merger of Multiple Counts

**{¶7}** Under his first assignment of error, appellant asserts the trial court erred by not finding that his convictions of Aggravated Robbery and Kidnapping merge for the purpose of sentencing.

**{¶8}** R.C. 2941.25 specifies when merger is appropriate and "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶7. We review a trial court's R.C. 2941.25 determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶1.

**{¶9}** R.C. 2941.25 provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. Two or more offenses may result in multiple convictions if any of the following are true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶25.

{¶11} Appellant argues that one cannot commit Aggravated Robbery without committing Kidnapping because there is always a point in time where the robbery victim is not free to leave. In response, the State acknowledges "there is virtually always a kidnapping" during the course of a robbery "due to the fact that a person will necessarily be deprived of his freedom of movement when a criminal holds the person at gun point or threatens physical harm." Under the circumstances of this case, however, the State argues appellant's conduct went "far beyond the 'usual' robbery/kidnapping relationship."

4

{¶12} Appellant was convicted of Aggravated Robbery and Kidnapping, in violation of R.C. 2911.01(A)(1) and R.C. 2905.01(A)(2), respectfully. The relevant portions of these statutes provide:

> Aggravated Robbery: (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
>
> Kidnapping: (A) No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (2) To facilitate the commission of any felony or flight thereafter[.]

{¶13} The trial court recognized, "[c]ertainly aggravated robbery has a component to it of limiting someone's freedom to move but this was beyond that. * * * [T]ying somebody to a chair, pouring lighter fluid on them, that's more than just hold still while I rob you. So the Court does not find that the sentences for the kidnapping and aggravated robbery should merge."

{¶14} We agree that it is possible for these two offenses, under certain circumstances, to merge as allied offenses of similar import. *See, e.g.*, *In re A.G.*, 8th Dist. Cuyahoga No. 101010, 2016-Ohio-5616 (where the defendant approached a man as the man was opening his car door after obtaining money from an ATM, the defendant pulled a gun out of his pocket and told the man he would shoot him unless he got into the car); *State v. Phipps*, 10th Dist. Franklin No. 15AP-524, 2016-Ohio-663 (where the victims were held at gun point only for as long as necessary to commit the aggravated robbery).

5

{¶15} In *State v. Logan*, 60 Ohio St.2d 126 (1979), the Supreme Court of Ohio provided guidelines for determining whether kidnapping and another offense are allied offenses:

> (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
>
> (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id.* at syllabus. "Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* in determining whether kidnapping and another offense were committed with a separate animus, in accordance with the third prong of the *Ruff* test." *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 104267, 2017-Ohio-7252, ¶47, *reopened on other grounds*, citing *State v. Armengau*, 10th Dist. Franklin No. 14AP-679, 2017-Ohio-4452, ¶125, *State v. Williams*, 7th Dist. Mahoning No. 13 MA 125, 2015-Ohio-4100, ¶18, and *State v. Stinnett*, 5th Dist. Fairfield No. 15-CA-24, 2016-Ohio-2711, ¶53. *See also State v. Adams*, 8th Dist. Cuyahoga No. 104331, 2016-Ohio-8330, ¶13, and *State v. Houston*, 1st Dist. Hamilton No. C-130429, 2014-Ohio-3111, ¶22.

{¶16} Applying these guidelines, we conclude the instant offenses were committed with a separate animus sufficient to support separate convictions. The restraint was prolonged and subjected the victim to a substantial increase in risk of harm separate and apart from that involved in the aggravated robbery. The kidnapping was complete when the victim was forced into the basement at gun point and tied to a chair;

6

the motivation was to physically restrain and harm the victim, and the victim was in fact severely injured. Appellant then committed aggravated robbery, after kidnapping the victim, when he and the others committed a theft offense while brandishing their weapons; the motivation was to steal the victim's money and marijuana.

{¶17} The trial court did not err in failing to merge these convictions for purposes of sentencing, as the offenses are not allied offenses of similar import under the circumstances of this case.

{¶18} Appellant's first assignment of error is without merit.

**Sentencing Factors**

{¶19} Under his second assignment of error, appellant asserts his sentence of thirteen years in prison is excessive because the trial court did not properly consider certain mitigating factors.

{¶20} Our standard of review is set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

7

{¶21} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law"'" only if the appellate court clearly and convincingly finds that the record does not support the sentence. *Id.* at ¶18, quoting *Price*, *supra*, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶22} Appellant could have received a potential prison term of twenty-three and one-half years: a potential maximum of eleven years for Aggravated Robbery; a potential maximum of eleven years for Kidnapping; and a potential maximum of eighteen months for Carrying a Concealed Weapon. *See* R.C. 2929.14(A)(1)&(4). Therefore, appellant's thirteen-year sentence is within the statutory range. Additionally, the trial court considered the purposes and principles of felony sentencing, found in R.C. 2929.11, and the seriousness and recidivism factors, found in R.C. 2929.12, prior to imposing sentence. The court specifically referenced these statutes in the sentencing entry and discussed some of the R.C. 2929.12 sentencing factors during the sentencing hearing.

{¶23} Because appellant's prison term is not contrary to law, we must consider whether the sentence is clearly and convincingly not supported by the record. *See Wilson*, *supra*, at ¶20; *Marcum*, *supra*, at ¶23.

**{¶24}** Appellant argues the trial court should have considered that the victim facilitated the offense because he was a drug dealer. The trial court adequately considered this argument at sentencing and admonished trial counsel for raising the issue. The trial court stated, "Come on, * * * [e]ven drug dealers don't get to be tied up and have lighter fluid poured on them. * * * That's not that we approve of the drug dealer's activity and there will be comeuppance on those activities, but these people brought violence to this county [sic]."

**{¶25}** Appellant next contends the trial court did not give adequate weight to the fact that he did not personally cause any actual physical harm to the victim and that he expressed genuine remorse. These facts do weigh in favor of mitigation, but it is also evident from the record that the trial court considered them in that manner.

**{¶26}** Appellant further asserts the court should have accorded more weight to the fact that his most serious prior criminal conviction occurred when he was a juvenile. Appellant was 17 years old when he was convicted of his first felony, Participating in Criminal Gang Activity; the initial charges included Grand Theft Auto, Robbery, and Attempted Murder. Appellant was bound over from juvenile court and tried as an adult. His prison sentence was suspended, but he subsequently violated his community control provisions three times as an adult, which resulted in a two-year prison sentence. Then, in 2012, appellant served a nine-month prison term for another felony conviction, Carrying a Concealed Weapon. Finally, while he was being held in jail on the instant offenses, appellant was convicted of misdemeanor assault for assailing another inmate with a broomstick. Appellant's argument regarding his criminal history is unpersuasive.

{¶27} Appellant has failed to show that his sentence is clearly and convincingly not supported by the record.

{¶28} Appellant's second assignment of error is without merit.

{¶29} The judgment of the Geauga County Court of Common Please is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.