[Cite as *State v. Cook*, 2020-Ohio-4890.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-G-0247** |
| DENNIS G. COOK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 2016 C 000002.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Dennis G. Cook*, pro se, PID: A691-020, Southern Ohio Correctional Facility, 1724 State Route 728, P.O. Box 45699, Lucasville, OH 45699 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Dennis G. Cook, appeals from the March 18, 2020 order of the Geauga County Court of Common Pleas, which denied his pro se Motion for Reconsideration to Correct Illegal Sentence. The judgment is affirmed.

{¶2} On July 25, 2016, appellant pled guilty to aggravated robbery, kidnapping, and carrying a concealed weapon. On September 26, 2016, the trial court imposed a seven-year prison sentence for aggravated robbery, a six-year prison sentence for

kidnapping, and an eighteen-month prison sentence for carrying a concealed weapon. The trial court ordered the aggravated robbery and kidnapping sentences to run consecutively with each other and concurrent to the sentence for carrying a concealed weapon, for a total prison sentence of thirteen years.

{¶3} This court affirmed appellant's convictions on direct appeal, rejecting his argument that the convictions for aggravated robbery and kidnapping should have merged for purposes of sentencing. *State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, ¶7-18.

{¶4} While his direct appeal was pending, appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. On December 26, 2018, appellant filed a Motion to Correct Illegal Sentence Pursuant to O.R.C. 2941.25(A). On May 13, 2020, appellant filed a Motion for Reconsideration to Correct Illegal Sentence Pursuant to R.C. 2941.25(A). In all three of these motions, appellant continued to argue that his convictions for aggravated robbery and kidnapping should have merged. All three were denied by the trial court on the basis of res judicata.

{¶5} Appellant noticed this appeal from the trial court's denial of his Motion for Reconsideration. He raises four assignments of error for our review:

> [1.] The trial court erred when it imposed separate sentences for offense[s] that arose from the same conduct, were not committed separately or with separate animus, and should have been merged for sentencing purposes under R.C. 2941.25.
>
> [2.] The trial court erred in denying appellant-defendant's motion as res judicata.
>
> [3.] The trial court erred in imposing a maximum sentence of eighteen months twice to be served concurrent with appellant-defendant's separate convictions, thus violating appellant-defendant's right to be free from multiple punishments for one or the same crime.

[4.] The trial court erred by imposing that appellant-defendant serve a period of incarceration concurrent to two consecutive sentences violating appellant's 5th and 14th Amendment rights.

{¶6} On appeal, appellant again contends the trial court should have merged the offenses of robbery and kidnapping for purposes of sentencing, instead of imposing consecutive sentences for what he asserts was one offense. He also contends the trial court erred in imposing the maximum sentence for carrying a concealed weapon and that the trial court violated his Fifth and Fourteenth Amendment rights. Finally, appellant argues the trial court erred in concluding his motion for reconsideration was barred by the doctrine of res judicata. None of these arguments have merit.

{¶7} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "The determination of whether an action is barred by the doctrine of res judicata is a question of law which an appellate court reviews de novo." *Miller v. Lagos*, 11th Dist. Trumbull No. 2008-T-0014, 2008-Ohio-5863, ¶15, citing *Rossow v. Ravenna*, 11th Dist. Portage No. 2001-P-0036, 2002 WL 480061, *2 (Mar. 29, 2002).

{¶8} The claim raised in appellant's first assignment of error was previously raised and rejected on direct appeal. *See Cook, supra*, at ¶16-17 ("[W]e conclude the instant offenses were committed with a separate animus sufficient to support separate convictions. * * * The trial court did not err in failing to merge these convictions for purposes of sentencing, as the offenses are not allied offenses of similar import under

3

the circumstances of this case."). The claims raised in appellant's third and fourth assignments of error could have, and should have, been raised on direct appeal. Accordingly, appellant was barred by res judicata from raising each of these claims in his Motion for Reconsideration. The trial court did not err in denying his motion on that ground. Appellant is further barred from again raising these claims in the context of this appeal.

{¶9} Appellant's assignments of error are without merit.

{¶10} We additionally note that a motion for reconsideration of a final judgment is, in essence, a nullity. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, ¶34, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981). An appeal from the dismissal of such a motion may be subject to sua sponte dismissal for lack of a final, appealable order. *See State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2009-Ohio-6707; *State v. Dwyer*, 11th Dist. Lake No. 2015-L-108, 2015-Ohio-5220.

{¶11} Finally, should appellant consider raising these barred claims in the future, we direct him to the Ohio Rules of Appellate Procedure, which provide, in part: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." App.R. 23 ("Damages for Delay").

{¶12} The judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

4