[Cite as *State v. Riley*, 2021-Ohio-1367.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0063** |
| SHAWN MICHAEL RILEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 00760.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, Ohio 44481 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Shawn Michael Riley, appeals his indefinite sentence of 65 to 70 ½ years after pleading guilty to eleven felony and five misdemeanor offenses. He contests the imposition of consecutive sentences and the trial court's refusal to merge certain felony offenses for purposes of sentencing. The sentence is affirmed.

{¶2} In August 2019, Riley was out on bond for previous charges related to domestic violence against Danielle J., the mother of his children, and a subsequent police

chase and standoff. On or about August 27, 2019, Riley waited with a knife for Danielle to return to her residence. She arrived home with three minor children. Riley confronted Danielle with the knife and forced her into the residence. Riley also made entry into the residence and locked the children in a bedroom. Over the next several hours Riley terrorized Danielle and severely injured her. He laughed at her, belittled her, and threatened to murder their five-year-old daughter in front of her. The situation eventually led to a police standoff, which lasted for some time. Riley used Danielle as a shield during the standoff. He stripped Danielle naked, dragged her down the stairs by her hair, kicked her repeatedly, choked her until she lost consciousness, deeply cut her face with a knife, and then urinated on her injuries. The deep knife injury to Danielle's face, from her temple to jawline, caused serious lacerations that resulted in disfigurement. He nearly caused Danielle's death due to blood loss. The children were released without any physical harm caused to them.

{¶3} Riley pleaded guilty to all 16 counts of an indictment, charging him with 5 first-degree felonies: one count attempted murder, two counts aggravated burglary, two counts kidnapping; 6 second-degree felonies: three counts kidnapping, three counts felonious assault; and 5 first-degree misdemeanors: two counts domestic violence, three counts child endangering. Upon accepting the plea, the trial court found Riley guilty and ordered a pre-sentence investigation.

{¶4} The parties submitted sentencing memoranda. The state recommended a minimum 40-year sentence. Requesting a sentence of 10 to 15 years, defense counsel outlined Riley's untreated mental health issues, his abuse of alcohol and cocaine including on the day of the offenses, and issues of sentencing disparity. Defense counsel

2

requested merger of the aggravated burglary and kidnapping counts pertaining to Danielle and concurrent sentences for the kidnapping counts pertaining to the three children. An attached letter from Danielle requested a sentence of 5 to 10 years, and other letters were submitted from family members in support of Riley.

{¶5} For purposes of sentencing, the trial court merged the attempted murder count with two of the felonious assault counts (Count One with Counts Nine and Ten); the aggravated burglary counts (Count Two with Count Three); the felony-one kidnapping counts (Count Four with Count Five); the domestic violence counts (Count Twelve with Count Thirteen); and the child endangering counts (Count Fourteen with Counts Fifteen and Sixteen). The state elected to proceed with Counts One, Three, Four, Twelve, and Fourteen.

{¶6} The trial court ordered the sentences for each felony count to be served consecutively and the sentences for each misdemeanor count to be served concurrently with all other counts. The trial court sentenced Riley to an aggregate minimum prison term of 65 years with a maximum indefinite term of 70 ½ years. Riley was also declared a Tier III Child Victim Offender and a Violent Offender, pursuant to R.C. 2950.01 and 2903.41, with registration requirements.

{¶7} Riley asserts two assignments of error:

{¶8} "[1.] The trial court erred when it failed to merger [sic] the aggravated burglary counts with the kidnapping counts for the purposes of sentencing."

{¶9} "[2.] The trial court erred when it imposed consecutive sentences on appellant."

3

{¶10} Prior to sentencing, Riley requested the trial court merge the aggravated burglary charges with the kidnapping of Danielle charges, of which the state had elected to proceed on Counts Three and Four. The trial court denied the request, and Riley asserts this as error in his first assignment.

{¶11} The imposition of punishment for multiple offenses is governed by R.C. 2941.25:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶12} In its most recent pronouncement on merger, the Supreme Court of Ohio stated: "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus.

{¶13} We review a trial court's R.C. 2941.25 determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1.

{¶14} Riley pleaded guilty to the offense of aggravated burglary in Count Three, in violation of R.C. 2911.11(A)(2). The statute provides: "No person, by force, stealth, or

deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control." The charges provide that Riley lay in wait and ambushed Danielle and, by force and threat, trespassed and forced her into her residence at knifepoint, where he then inflicted physical harm on her and terrorized her and three minor children for over three hours.

{¶15} Riley also pleaded guilty to the offense of kidnapping in Count Four, in violation of R.C. 2905.01(A)(1). The statute provides: "No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * To hold for ransom, or as a shield or hostage[.]" The charges provide that Riley forced Danielle and the children into the residence at knifepoint, where he then forced Danielle to strip naked, physically assaulted her repeatedly for the next several hours, and used her as a shield and hostage in a protracted standoff with police.

{¶16} In deciding whether the two offenses are based upon the same conduct, the focus is upon whether both crimes were accomplished by a single act. "Ohio courts have long held that where captivity is prolonged, or the movement of the victim is so substantial that it becomes significantly independent of any other criminal act, there exists a separate animus to support the kidnapping conviction. In such cases, the kidnapping offense ceases to be incidental to the underlying felony from which it might have originated." *State v. Cotton*, 8th Dist. Cuyahoga No. 102581, 2015-Ohio-5419, 55 N.E.3d 573, ¶ 29-30, *reopened on other grounds*, citing *State v. Houston,* 1st Dist. Hamilton No.

5

C–130429, 2014-Ohio-3111, ¶ 22-23; *accord State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, 108 N.E.3d 95, ¶ 15-17. *See also State v. Reynolds*, 80 Ohio St.3d 670, 682, 687 N.E.2d 1358 (1998), quoting *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), paragraph (b) of the syllabus ("We have held that kidnapping and another offense are committed with a separate animus when the 'restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime * * *.'").

{¶17} Here, Riley committed aggravated burglary when he threatened Danielle with a knife to obtain entry into her residence with purpose to terrorize and inflict physical harm upon her. When police arrived and entered the residence, Riley committed kidnapping by restraining Danielle's liberty in order to use her as a shield or hostage. He dragged Danielle down the stairs by her hair and held a knife to her, prompting the police to exit the residence and engage in negotiations with Riley for hours. This is not a situation in which the aggravated burglary and kidnapping occurred simultaneously. Even if Riley restrained Danielle while burglarizing her home, the subsequent use of Danielle as a shield and hostage subjected her to a substantial increase in harm, separate and apart from that involved in the forced entry into her home. The offenses were committed separately and with separate animus.

{¶18} The trial court did not err when it failed to merge Count Three with Count Four for purposes of sentencing. The first assignment lacks merit.

{¶19} Under the second assignment, Riley challenges the overall length of his sentence resulting from the imposition of consecutive felony sentences.

{¶20} An appellate court's review of felony sentencing is controlled solely by the provisions of R.C. 2953.08(G)(2). That statute provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶21} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. The findings are needed to overcome the statutory presumption of concurrent prison terms in R.C. 2929.41(A). *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429, ¶ 11, citing *Bonnell* at ¶ 23.

{¶22} Pursuant to R.C. 2929.14(C)(4), a trial court "may" sentence the offender to consecutive prison terms if it finds that: (1) such terms are "necessary to protect the public from future crime *or* to punish the offender"; (2) such terms "are not disproportionate to the seriousness of the offender's conduct *and* to the danger the offender poses to the

7

public"; and (3) one of three alternative factors exist. (Emphasis added.) In this case, as to the third requirement, the trial court found the factors in subsections (b) and (c) were satisfied:

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23} Riley maintains that his aggregate minimum prison sentence of 65 years is grossly disproportionate when compared to other defendants who have been sentenced for similar conduct. To the extent Riley challenges the trial court's factual finding under the second requirement of R.C. 2929.14(C)(4), we note the statute requires a trial court to determine whether consecutive service is disproportionate to the seriousness of the offender's conduct, not to the conduct of other offenders who have been sentenced for similar conduct. And, in light of the facts, we cannot clearly and convincingly find that the record does not support the trial court's finding that consecutive sentences are not disproportionate to Riley's conduct.

{¶24} Finally, to the extent Riley contends the length of his aggregate sentence violates the constitutional prohibition against cruel and unusual punishments, we respond with the syllabus of *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073: "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual

8

punishment." The length of Riley's consecutive service is attributable to the number of offenses he committed, and he does not challenge the length of his individual sentences.

{¶25} The trial court did not err when it imposed consecutive sentences. The second assignment lacks merit.

{¶26} The judgment of the Trumbull County Court of Common Pleas is affirmed.



MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

9