[Cite as *State v. Compton*, 2021-Ohio-1513.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28912 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1185/1 |
| | : | |
| BRYON M. COMPTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Bryon M. Compton, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to one count of aggravated robbery. In support of his appeal, Compton contends that the law under which he was sentenced—the Reagan Tokes Law (S.B. 201)—is unconstitutional. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On May 12, 2020, a Montgomery County grand jury returned an indictment charging Compton with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, which included a three-year firearm specification. The indictment also charged Compton with one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree.

{¶ 3} On August 28, 2020, Compton pled guilty to the aggravated robbery, in exchange for which the State agreed to dismiss the attendant three-year firearm specification and the charge of obstructing official business. After engaging Compton in the necessary plea colloquy, the trial court accepted Compton's guilty plea and scheduled the matter for sentencing.

{¶ 4} On September 11, 2020, the trial court sentenced Compton to serve a minimum term of four years in prison and a maximum term of six years in prison. The trial court then ordered Compton's prison term to be served concurrently with a nine-month prison term imposed for a drug offense in Montgomery C.P. No. 2019-CR-4159. Following the trial court's sentencing decision, Compton immediately objected to the constitutionality of the law under which he was sentenced—the Reagan Tokes Law.

{¶ 5} Compton now appeals from his conviction, raising three assignments of error for review. Because Compton's three assignments are interrelated, for ease of discussion, we will address them together.

## Assignments of Error

{¶ 6} Under each of his three assigned errors, Compton contends that the law under which his indefinite sentence was imposed—the Reagan Tokes Law (S.B. 201)—is unconstitutional. Compton claims that the Reagan Tokes Law is unconstitutional because it violates the separation-of-powers doctrine and the right to due process. We disagree.

{¶ 7} Pursuant to the Reagan Tokes Law, qualifying first and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. Indefinite sentences consist of a minimum term and a maximum term. The trial court selects the minimum term from a range of terms set forth in R.C. 2929.14(A). Once the minimum term is selected, the trial court calculates the maximum term using formulas set forth in R.C. 2929.144(B).

{¶ 8} When an offender's minimum term expires, there is a presumption that the offender shall be released from prison. R.C. 2967.271(B). The Ohio Department of Rehabilitation and Correction ("ODRC"), however, may rebut the presumption for release and hold an offender in custody up to the maximum term. R.C. 2967.271(C). In order to do this, the ODRC must first hold a hearing and find that certain statutory factors apply to the offender. *Id.* The statutory factors relate to the offender's conduct while in prison. *See* R.C. 2967.271(C)(1)-(3).

{¶ 9} "As with any statute enacted by the General Assembly, the Reagan Tokes Law is entitled to a 'strong presumption of constitutionality.' " *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 10, quoting *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, ¶ 7. "Thus, 'if at all possible, statutes must be construed in conformity with the Ohio and the United States Constitutions.' " *Id.*, quoting *State v. Collier*, 62 Ohio St.3d 267, 269, 581 N.E.2d 552 (1991). "A party challenging the constitutionality of a statute bears the burden of proving that it is unconstitutional beyond a reasonable doubt." *Id.*, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 41, citing *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 12.

*Separation of Powers*

{¶ 10} Under his first assignment of error, Compton contends that the sentencing scheme set forth in the Reagan Tokes Law violates the separation-of-powers doctrine because it usurps the role of the judiciary by giving the ODRC (the executive branch of government) authority to sentence offenders to a longer prison term.

{¶ 11} We recently considered the constitutionality of the Reagan Tokes Law in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 and concluded that it does not violate the separation-of-powers doctrine. We reached this conclusion because we found that the Law's scheme is consistent with established authority from the Supreme Court of Ohio, which held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Ferguson* at ¶ 23, citing *Hernandez v.*

*Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000).

{¶ 12} As in *Ferguson*, the minimum and maximum prison terms in this case were originally imposed by the trial court and were included as part of the trial court's sentence. *See* Judgment Entry of Conviction (Sept. 18, 2020). Because the Reagan Tokes Law does not allow the ODRC to lengthen an offender's sentence beyond the maximum sentence imposed by the trial court, we once again hold that the Law does not violate the separation-of-powers doctrine. *Ferguson* at ¶ 23. *See also State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 36.

*Due Process*

{¶ 13} Under his second and third assignments of error, Compton contends that the Reagan Tokes Law violates due process because it: (1) does not provide sufficient notice of what conduct will cause the ODRC to rebut the presumption for release after expiration of the minimum term; and (2) provides the ODRC with a "high degree of official discretion" to rebut the presumption for release without sufficient guidance or safeguards to prevent arbitrary and discriminatory enforcement.

{¶ 14} Just like Compton's arguments regarding the separation-of-powers doctrine, in *Ferguson*, this court already determined that the Reagan Tokes Law does not violate due process. In this regard, we commented that:

"[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." * * * The

Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the [ODRC] must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the [ODRC] unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.

*Ferguson,* 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 at ¶ 25, quoting *Woods*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103, citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

{¶ 15} Similarly, the Eighth District Court of Appeals noted in *State v. Simmons*, 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939, that:

[The ODRC] is constrained in its ability to hold an offender past the minimum term. R.C. 2967.271(C)(1), (2) and (3) set forth very specific factors for the [ODRC] to consider in determining whether an inmate may be imprisoned beyond his minimum release date, thereby limiting its discretion. Inmates are given adequate notice of the conduct that will lead to rule infractions or restrictive housing assignments, factors that trigger the [ODRC] to extend an inmate's minimum term of incarceration. Ohio Adm. Code 5120-9-06 sets forth inmate rules of conduct. Ohio Adm. Code 5120-9-08 provides detailed disciplinary procedures for inmate rule violations, with a hearing before the Rules Infraction Board and notice to the inmate of the hearing and an opportunity to appeal the decision of the board. Ohio

Adm. Code 5120-9-10 sets forth the procedures for when and under what circumstances an inmate may be placed in and/or transferred to a restrictive housing assignment. These provisions of the Reagan Tokes Law [R.C. 2967.271(C)(1)-(3)] provide adequate notice and an opportunity to be heard.

*Id.* at ¶ 21, citing *State v. Wilburn*, 2021-Ohio-578, --- N.E.3d ---, ¶ 36 (8th Dist.).

{¶ 16} While Compton acknowledges that R.C. 2967.271(C) requires a hearing and statutory findings before additional prison time is imposed, he nevertheless contends that the statute is vague in that it provides no structure as to how the hearing will be conducted or what rights the defendant will have at the hearing. In so arguing, Compton suggests that when undergoing a hearing pursuant to R.C. 2967.271(C), an offender should be entitled to due process rights that are associated with criminal trials. However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." (Citations omitted.) *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). For example, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*

{¶ 17} This court has noted that "[r]equiring a defendant to remain in prison beyond the presumptive minimum term is akin to the decision to grant or deny parole[.]" *Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, at ¶ 17. "In the context of parole proceedings, the United States Supreme Court has held that the required due process procedures are minimal. Specifically, the court has found that a prisoner subject to

parole receives adequate due process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied." *Wilburn* at ¶ 30, citing *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011), citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). " 'The Constitution * * * does not require more.' " *Id.*, quoting *Swarthout* at 220.

{¶ 18} Because the procedures employed under the Reagan Tokes Law provide for notice of a hearing at which an offender has an opportunity to be heard, and because the Reagan Tokes Law does not give the ODRC unfettered discretion to decide when an offender must serve more than the minimum term, we once again hold that the Law does not violate an offender's right to due process.

{¶ 19} For the foregoing reasons, Compton has failed to prove that the Reagan Tokes Law is unconstitutional, and thus has not shown that his sentence is unlawful. Therefore, Compton's first, second, and third assignments of error are overruled.

## Conclusion

{¶ 20} Having overruled all of Compton's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Hilary Lerman
Hon. Mary Katherine Huffman