**[Cite as *State v. Thompson*, 2021-Ohio-4027.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-60 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-59 |
| | : | |
| JACOB THOMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of November, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

R. JESSICA MANUNGO, Atty. Reg. No. 0094077, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Jacob Thompson was found guilty, following a jury trial, of one count of rape, in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree, and one count of sexual battery, in violation of R.C. 2907.03(A)(2), a felony of the third degree. The trial court merged the offenses, and the State elected to proceed to sentencing on the rape offense; the court sentenced Thompson to 10 to 15 years in prison and designated him a Tier Three sex offender. Thompson's appeals from his conviction, challenging only the imposition of sentence pursuant to the Reagan Tokes Act. Because the trial court failed to properly advise Thompson at sentencing of the notifications set forth in R.C. 2929.19(B)(2)(c), we affirm in part, reverse in part, and remand the matter solely for resentencing pursuant to R.C. 2929.19(B)(2)(c).

**{¶ 2}** At sentencing, the trial court advised Thompson as follows:

The offense having occurred in December of 2019, the Court finds that a sentencing would be subject to the new sentencing law for first and second degree felonies. That the Court is required to impose a minimum term of ten (10) years in the Ohio State Penitentiary, up to a maximum term of fifteen (15) years.

There is a presumption, Mr. Thompson, that you will be released after serving the minimum term of ten years. * * *

**{¶ 3}** The trial court's judgment entry of conviction stated:

A. *Findings*

The Court considered the record, oral statements of counsel, the defendant's statement, the defendant's criminal history, and the principles

and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

The Court finds that the rape is a qualifying felony of the first degree because it was committed on or after March 22, 2019, which is the effective date of Ohio Revised Code Section R.C. 2929.144(A).

Since the defendant is being sentenced for one qualifying felony, and that is a felony of the first degree, the maximum prison term for that offense shall be equal to the minimum term imposed on the defendant plus fifty percent (50%) of that term.

### B. Sentence

IT IS HEREBY ORDERED that the defendant serve an indefinite prison term of ten (10) to fifteen (15) years in the Ohio Department of Rehabilitation and Correction (ODRC) with jail credit from February 4, 2020 to February 7, 2020 and June 25, 2020 until conveyance to the penitentiary.

* * *

### D. Rebuttable Presumption

The Court has notified the defendant that, pursuant to Ohio Revised Code Section 2967.271(B), it is presumed that, on the indefinite sentence of ten (10) to fifteen (15) years, he will be released from prison upon the expiration of the minimum prison term imposed, which is ten (10) years.

The Court has further notified the defendant that, pursuant to Ohio Revised Code Section 2967.271(C), ODRC may rebut the presumption at

a hearing. If the presumption is rebutted, the defendant may remain in prison after the expiration of the minimum prison term for a period of time up to the maximum term, which is fifteen (15) years.

ODRC may rebut the presumption only if it determines, at a hearing, that one or more of the following applies:

(I) Regardless of the security level in which the defendant is classified at the time of the hearing, both of the following apply:

(a) During the defendant's incarceration, he committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that he has not been rehabilitated.

(b) The defendant's behavior while incarcerated demonstrates that he continues to pose a threat to society.

(2) Regardless of the security level in which the defendant is classified at the time of the hearing, he has been placed by ODRC in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the defendant is classified by the department as a security level three, four, or five, or at a higher security level.

{¶ 4} The judgment entry further set forth several statutory provisions in the Revised Code by means of which Thompson's prison term could potentially be reduced, and it informed him that post-release control was mandatory for five years and of the possible sanctions if he violated post-release control.

{¶ 5} In November 2020, Thompson filed a motion for leave to file a delayed appeal, which this court granted in December 2020. On appeal, Thompson's first assignment of error is as follows:

> BECAUSE THE REAGAN TOKES ACT VIOLATES THE OHIO AND UNITED STATES CONSTITUTIONS, MR. THOMPSON'S SENTENCE IS CONTRARY TO LAW. R.C. 2953.08(g)(2); SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION; ARTICLES I, II, AND III OF THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 5, 10 AND 16 OF THE OHIO CONSTITUTION; *CITY OF S. EUCLID V. JEMISON*, 28 OHIO ST.3D 157, 158-59, 503 N.E.2D 136 (1986).

{¶ 6} Thompson asserts that the Reagan Tokes Act is "facially unconstitutional." First, he asserts that the Act violates the separation of powers in two ways: 1) by allowing the ODRC to extend the sentence imposed by a sentencing court, "the executive branch interferes with and amends a final judgment of a trial court, thereby usurping the judiciary's inherent authority to sentence and issue final judgments"; and (2) by allowing ODRC to act "as judge, prosecutor, and jury," i.e., to make a factual determination, charge, judge, convict, and sentence him for the commission of a new act, the executive branch would be "performing inherently judicial functions." He cites *State ex rel. Bray v.*

*Russell*, 89 Ohio St.3d 132, 729 N.E.2d 259 (2000). He asserts that the "absence of judicial involvement is fatal" to ODRC's ability to impose an extended term of incarceration upon an inmate.

{¶ 7} Thompson further argues that the Reagan Tokes Act violates the constitutional right to trial by jury. He directs our attention to *Apprendi v. New* Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v.* Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); and *Blakely v.* Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Thompson asserts that "[o]nly with 'bad behavior' " can ODRC unilaterally decide to continue incarceration, and this "bad behavior or 'bad time' structure" has already been deemed unconstitutional in *Russell.* Thompson argues a Reagan Tokes sentence can only be extended if ODRC finds facts to rebut the presumption, and therefore the "hybrid sentence" is unconstitutional because "an increase in punishment beyond the presumptive minimum sentence is dependent upon, and triggered by, one or more findings of fact made" by ODRC, not by a jury.

{¶ 8} Thompson further asserts that Reagan Tokes Act violates due process requirements: "while R.C. 2967.271 provides for a[n] [O]DRC hearing before the additional prison time is imposed, the Reagan Tokes [Act] provides no structure as to how the hearing will be conducted or the rights the defendant will have at that hearing." He asserts that ODRC's ability to rebut the presumed minimum term "raises a myriad of due process questions and concerns" by failing to give notice, set parameters on executive branch discretion, and establish adequate guarantees for fair hearings. He also argues that "people serving hybrid sentences are not under adequate notice as to what conduct will trigger an increase in a sentence under R.C. 2967.271."

{¶ 9} The State responds that, because the minimum and maximum prison terms are originally imposed by the trial court and included as part of the trial court's sentence, the Reagan Tokes Act does not allow permit the executive branch, via ODRC, to lengthen the sentence beyond the maximum sentence imposed by the trial court. The State notes that this Court and others have consistently held that the Reagan Tokes Act does not violate the separation of powers doctrine and is not unconstitutional.

{¶ 10} The State also asserts that it is impossible to know if a defendant will commit violations in the future that would prompt an ODRC hearing to potentially extend his presumptive release date, such that the harm that the defense's argument alleges is speculative, and any claim that the Act violates the right to trial by jury "is not ripe for adjudication." The State further asserts that the Reagan Tokes Act does not violate a defendant's right to a jury trial because the conviction on which the indefinite sentence is based could have been tried to a jury.

{¶ 11} Finally, the State asserts that the Act does not violate due process because it provides for notice of a hearing at which the defendant has an opportunity to be heard.

{¶ 12} In reply, Thompson argues that, at the expiration of the minimum sentence, he has "no options to appeal" the ODRC's decision to impose a portion of his maximum term under Reagan Tokes. He argues that the finality of his judgment entry of conviction "means the penalty can be challenged by direct appeal and is therefore ripe for review." Regarding separation of powers, Thompson asserts that this Court should reconsider *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, in which we held that the Reagan Tokes Act does not violate the separation of powers doctrine and is not unconstitutional.

{¶ 13} Regarding due process and notice, Thompson argues that incarcerated offenders "have a protected, state-created liberty interest in avoiding restrictive conditions of confinement" and "an inherent liberty interest in being released from confinement on their presumptive release date." He argues that "the procedural protections accorded that liberty interest must be constitutionally sufficient, including a hearing before a neutral magistrate and notice," and that ODRC is not a neutral magistrate because it has "an adversarial relationship with incarcerated individuals." Thompson argues that without "an opportunity to receive sufficient notice and be heard in a meaningful manner by a neutral magistrate, the sentencing provisions of Reagan Tokes fail to adequately protect" a defendant's due process rights.

{¶ 14} It is well-settled that "[a]s a threshold matter, we are to presume that the state statute is constitutional, and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17, citing *Klein v. Leis,* 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 4. A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts. *Id.*, citing, e.g., *United States v. Eichman,* 496 U.S. 310, 312, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990). As noted above, Thompson asserts that the Reagan Tokes Act is unconstitutional on its face.

{¶ 15} This Court has recently noted:

On March 22, 2019, the Reagan Tokes Law (S.B. 201) became effective in Ohio. This law requires sentencing courts to impose indefinite prison sentences for felonies of the first or second degree that are committed on or after the law's effective date. The law specifies that the

indefinite sentences will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The law also establishes a presumption that the offender will be released at the end of the minimum term. R.C. 2967.271(B). The Ohio Department of Rehabilitation and Correction ("ODRC"), however, may rebut that presumption. R.C. 2967.271(C). In order to rebut the presumption for release at the end of the minimum term, the ODRC must conduct a hearing and determine whether certain statutory factors are applicable. R.C. 2967.271(C)(1), (2) and (3). If the presumption is rebutted, the ODRC may maintain the offender's incarceration beyond the minimum term for a reasonable period of time not to exceed the maximum term imposed by the sentencing judge. R.C. 2967.271(D).

*State v. Massie,* 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 6.

{¶ 16} In this case, Thompson is presumed to be entitled to release after serving 10 years of his sentence, but the ODRC may rebut that presumption and hold him in prison for up to 15 years (the full maximum term).

{¶ 17} We will first address Thompson's arguments that the Reagan Tokes Act violates the separation of powers doctrine and due process, and then address his argument that the Act violates his right to a trial by jury.

**{¶ 18}** As noted by the Sixth District Court of Appeals:[1]

\* \* \* [O]ther jurisdictions have implicitly determined the issue to be ripe for review by addressing the constitutional challenge to the Re[a]gan Tokes provisions regarding future, possible extensions of a prison term beyond the presumed minimum term. The Second District Court of Appeals found the law constitutional in *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, and *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153.

*State v. Velliquette*, 2020-Ohio-4855, 160 N.E.3d 414, ¶ 30 (6th Dist.).

**{¶ 19}** In *State v. Compton*, 2d Dist. Montgomery No. 28912, 2021-Ohio-1513, ¶ 11, we stated:

We recently considered the constitutionality of the Reagan Tokes Law in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 and concluded that it does not violate the separation-of-powers doctrine. We reached this conclusion because we found that the Law's scheme is

---

[1] We note that the Ohio Supreme Court recognized a conflict between appellate districts on December 28, 2020. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150. The Court accepted the following question for review: "Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?" The conflicting cases cited by the Court are *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837.

consistent with established authority from the Supreme Court of Ohio, which held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Ferguson* at ¶ 23, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000).

{¶ 20} As in *Compton*, Thompson's minimum and maximum terms were imposed by the trial court and included as part of the trial court's sentence. "Because the Reagan Tokes Law does not allow the ODRC to lengthen an offender's sentence beyond the maximum sentence imposed by the trial court, we once again hold that the Law does not violate the separation-of-powers doctrine." *Compton* at ¶ 12, citing *Ferguson* at ¶ 23 and *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 36. .

{¶ 21} Regarding due process, we stated in *Ferguson*:

> "[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." *Woods* at 513, citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the [O]DRC must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the [O]DRC unfettered discretion to require an offender to serve more than the minimum term.

And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.

*Ferguson* at ¶ 25.

**{¶ 22}** This Court further determined in *Compton*:

While Compton acknowledges that R.C. 2967.271(C) requires a hearing and statutory findings before additional prison time is imposed, he nevertheless contends that the statute is vague in that it provides no structure as to how the hearing will be conducted or what rights the defendant will have at the hearing. In so arguing, Compton suggests that when undergoing a hearing pursuant to R.C. 2967.271(C), an offender should be entitled to due process rights that are associated with criminal trials. However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." (Citations omitted.) *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). For example, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*

This court has noted that "[r]equiring a defendant to remain in prison beyond the presumptive minimum term is akin to the decision to grant or deny parole[.]" *Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, at ¶ 17. "In the context of parole proceedings, the United States Supreme Court has held that the required due process procedures are minimal.

Specifically, the court has found that a prisoner subject to parole receives adequate due process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied." *Wilburn* at ¶ 30, citing *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011), citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). " 'The Constitution * * * does not require more.' " *Id.*, quoting *Swarthout* at 220.

Because the procedures employed under the Reagan Tokes Law provide for notice of a hearing at which an offender has an opportunity to be heard, and because the Reagan Tokes Law does not give the ODRC unfettered discretion to decide when an offender must serve more than the minimum term, we once again hold that the Law does not violate an offender's right to due process.

*Compton* at ¶ 16-18.

{¶ 23} Based upon the foregoing, we decline Thompson's request to reconsider *Ferguson*, and we again conclude that the Reagan Tokes Act does not violate a defendant's due process rights.

{¶ 24} Finally, regarding Thompson's assertion that the Reagan Tokes Act violates the Sixth Amendment right to a trial by jury, we note that the Twelfth District recently addressed this issue in *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282. The Twelfth District conducted the following analysis, which we find persuasive:

In [*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] a jury convicted the defendant of a firearm crime that

carried a maximum prison sentence of ten years. However, a judge subsequently sought to impose a longer sentence pursuant to a statute that authorized him to do so if he found, by a preponderance of the evidence, that the defendant had committed the crime with racial bias. *Apprendi* held this scheme unconstitutional: "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" or admitted by the defendant. *Apprendi* at 490. Nor may a state evade this traditional restraint on the judicial power by simply calling the process of finding new facts and imposing a new punishment a judicial "sentencing enhancement." *Id.* at 495. "[T]he relevant inquiry is one not of form, but of effect – does the required [judicial] finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494.

"[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (Emphasis sic.) *Blakely v. Washington*, 542 U.S. 296, 303, 122 S.Ct. 2428 (2004). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." (Emphasis sic.) *Id.* at 303-304; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 121.

In *Ring* [*v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556],

a jury convicted the defendant of felony murder, a crime that carried a maximum sentence of life imprisonment. However, a state statute allowed the trial judge to impose the death penalty if he found, independent of the jury, at least one aggravating factor. Extending the rule of *Apprendi* to capital punishment, the United States Supreme Court found the sentencing scheme violative of the Sixth Amendment right to a jury trial because the required judicial finding of an aggravated circumstance exposed the defendant to greater punishment than authorized by the jury's verdict. *Ring*, 536 U.S. at 609; *State v. McKelton*, 12th Dist. Butler No. CA2017-07-106, 2018-Ohio-1357, ¶ 8.

The Reagan Tokes sentencing scheme is unlike those involved in *Apprendi*, *Ring*, and *Blakely*. Under the Reagan Tokes Law, the trial court imposes both a minimum and a maximum term, and the indefinite prison sentence must be included in the final entry of conviction. R.C. 2929.14 and 2929.144. The only sentencing discretion provided to the trial court lies with the length of the minimum term under R.C. 2929.14(A)(1)(a) and (A)(2)(a); the maximum term is determined based upon a mathematical formula as applied to the minimum term of imprisonment. The maximum prison term component of a Reagan Tokes indefinite sentence is therefore authorized by the jury's guilty verdict and is not based upon factors not submitted to the jury. The defendant is not exposed to greater punishment than that authorized by the jury's verdict.

Once imposed by the trial court, the indefinite sentence is then

implemented by ODRC. ODRC simply enforces the sentence imposed by the trial court and its review is limited to determining the offender's release date. R.C. 2967.271 establishes a presumptive release date upon completion of the minimum term. Once the minimum term is served, ODRC may rebut the presumption of release under certain conditions and enforce the remainder of the maximum term already imposed by the trial court. R.C. 2967.271(B). However, "[t]hat codified process does not alter the fact that the trial court imposed a maximum term as calculated under R.C. 2929.144." *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, ¶ 35. In rebutting the presumption of release, ODRC "is not extending the defendant's prison term or imposing its own sentence for violations that occur while the offender is serving the imposed term of imprisonment." *Id.* at ¶ 7. In other words, ODRC does not "increase" a penalty based upon facts not found by a jury but merely administers the sentence already imposed by the trial court for conviction of an offense for which the offender has the right to a jury trial.

In a concurring opinion in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, Judge Gwin rejected a challenge to the Reagan Tokes Law as violative of the right to a jury trial, reasoning that

> Under the Reagan Tokes Law, the judge imposes both a minimum and a maximum sentence. Judicial fact-finding is not required. In Ohio, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer

required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, paragraphs 1 and 11. The Department of Rehabilitation and Correction ("DRC") is not permitted to extend a sentence imposed by the trial court beyond the maximum sentence imposed by the trial court. Further, the facts which postpone an inmate's release date are facts found as a result of prison disciplinary proceedings, not the underlying crime. To extend Wolfe's argument to its logical end it would be necessary for the courts to invalidate punishment as a result of internal prison disciplinary proceedings entirely, or require all rule infractions to be tried before a jury.

It is evident that *Apprendi* and its progeny have no application in a prison disciplinary setting where the DRC does not have the authority to extend the inmate's sentence beyond the maximum sentence imposed by the trial judge.

*Id.* at ¶ 61-62.

Unlike the sentencing scheme in *Apprendi* and *Ring*, there is "no discretion exercised by the trial court in imposing the maximum term" under the Reagan Tokes Law, and "nothing within any provision codified under the Reagan Tokes Law permits any branch of government to impose a sentence beyond the maximum term as defined under R.C. 2929.144." *Gamble*, 2021-Ohio-1810 at ¶ 44. The Reagan Tokes Law therefore does

not violate an offender's constitutional rights to trial by jury. *Id.; contra State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-1809.

*Rogers* at ¶ 14-20.

{¶ 25} Based upon the foregoing, we conclude that the Reagan Tokes Act does not violate the Sixth Amendment right to trial by jury. Since Thompson failed to establish that the Reagan Tokes Act is facially unconstitutional in this respect, his first assigned error is overruled.

{¶ 26} Thompson's second assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT SENTENCED MR. THOMPSON TO AN INDEFINITE PRISON TERM IN CONTRAVENTION OF THE SENTENCING STATUTES, IN VIOLATION OF MR. THOMPSON'S RIGHTS TO DUE PROCESS. R.C. 2929.19(b)(2)(c); ARTICLE I, SECTION I, OHIO CONSTITUTION.

{¶ 27} In his second assignment of error, Thompson asserts that the trial court failed to comply with R.C. 2929.19(B)(2)(c) in imposing the indefinite prison term of 10 to 15 years, because the court "did not provide the required statutory notifications" at Thompson's sentencing hearing, and a defendant who fails to timely object "will be limited to plain error review." He asserts that, even if we reject his first assignment of error, we should nonetheless remand this matter to the trial court for resentencing "in accordance with the notification requirements set forth in R.C. 2929.19(B)(2)(c)."

{¶ 28} The State responds that the trial court did notify Thompson of the operation of the rebuttable presumption in its judgment, which was filed the same day as the sentencing hearing, "listing the parameters of R.C. 2929.19(B)(2)(c)." According to the

State, Thompson "was sufficiently notified of R.C. 2929.19(B)(2)(c)." The State further asserts:

> Although the court determines that a prison term is necessary at the sentencing hearing, and this determination triggers the court's duty to notify the defendant of the parameters of the rebuttable presumption listed in subsection (c), the statute does not require that the defendant is orally notified at the sentencing hearing itself – merely that the court **shall** notify the defendant. At least two other district courts of appeals have found that Defendant must be notified orally of these parameters at the sentencing hearing itself, and that notification in the judgment entry is insufficient, but this Court has not made such a determination yet. *See State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43[2]; *State v. Miles*, 11th Dist. Portage No. 2020-P-0032, 2020-Ohio-6921, ¶ 20[3].

{¶ 29} In *Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, this Court

---

[2] "Besides noting Whitehead's objection to the Reagan Tokes Act being applied to his sentence, the trial court failed to mention the act again at the sentencing hearing. The trial court also improperly told Whitehead at the sentencing hearing that his 'total sentence' was 36 years in prison without informing Whitehead that 36 years would be the minimum amount of time he would spend in prison and without calculating Whitehead's maximum prison term or informing him of the maximum prison term. It is not sufficient to simply include this information in the sentencing entry. R.C. 2929.144(C). The trial court also failed to inform Whitehead of any of the other required notifications set forth in R.C. 2929.19(B)(2)(c)." *Id.* at ¶ 45. The Eighth District remanded the matter for resentencing and instructed the trial court to comply with the requirements of the Reagan Tokes Act. *Id.* at ¶ 46.

[3] "The state concedes the trial court failed to properly calculate and inform Miles of his maximum prison term. Further, the state concedes the trial court failed to provide the required notices under R.C. 2929.19(B)(2)(c)(i) and (v). Accordingly, the matter must be remanded for the limited purpose of conducting a resentencing hearing. *See State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶37." *Miles* at ¶ 27.

recently noted:

> When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or *(2) the sentence is otherwise contrary to law.* (Emphasis added.) *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

> Several of our sister districts have held that a sentence is contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails advise the offender of all the notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *See, e.g., State v. Wolf*, 5th Dist. Licking No. 2020 CA 00021, 2020-Ohio-5501, ¶ 36-37; *State v. Miles*, 11th Dist. Portage No. 2020-P-0032, 2020-Ohio-6921, ¶ 20, 27-31; *State v. Long*, 4th Dist. Pickaway No. 20CA9, 2021-Ohio-2672, ¶ 27-29; *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43, 45-46; *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 24-25.

*Massie* at ¶ 17-18.

{¶ 30} R.C. 2929.19 governs sentencing hearings, and R.C. 2929.19(B)(2)(c) provides:

> (2) Subject to division (B)(3) of this section, if the sentencing court

determines **at the sentencing hearing** that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) If the prison term is a non-life felony indefinite prison term, **notify the offender of all of the following:**

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the

Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.)

{¶ 31} In *Massie,* as in this case, the State argued that "the trial court sufficiently notified Massie of all the information in R.C. 2929.19(B)(2)(c) by simply including the information in the judgment entry of conviction," but this Court disagreed. *Id.* at ¶ 20. We found:

In this case, when reading the language in R.C. 2929.19(B)(2) as a whole, it becomes clear that the notification requirement at issue in section (B)(2)(c) relates to notice that must be given at the sentencing hearing. We reach this conclusion by looking at the language in the preceding sections of the statute, i.e., (B)(2)(a) and (B)(2)(b). Section (B)(2)(a) provides that the sentencing court shall "notify the offender that the prison term is a mandatory prison term," without specifically stating that the notification should be given at the sentencing hearing. Section (B)(2)(b), however, instructs the sentencing court to "include in the sentencing entry * * * whether the sentence or sentences contain mandatory prison terms[.]"

When considering the language in sections (B)(2)(a) and (B)(2)(b) together, it becomes clear that the phrase "notify the offender" in (B)(2)(a) necessarily refers to notice that should be given at the sentencing hearing, since section (B)(2)(b) instructs the trial court to include the same information in the sentencing entry.

Like section (B)(2)(a), section (B)(2)(c) simply instructs the sentencing court to "notify the offender" of the specific information listed thereunder without specifically mentioning the sentencing hearing. Because the phrase "notify the offender" as used in (B)(2)(a) refers to notification given at the sentencing hearing, we find that the same meaning should apply to the phrase "notify the offender" in section (B)(2)(c). Therefore, we agree with our sister districts and find that the trial court was required to notify the offender of all the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing in order to fulfill the requirements of the statute. Accordingly, because the trial court in this case failed to notify Massie of any of the information set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing, we sustain Massie's second argument and find that Massie's sentence is contrary to law.

*Id.* at ¶ 22-23. In *Massie*, we remanded the matter to the trial court for the sole purpose of resentencing the defendant in accordance with R.C. 2929.19(B)(2)(c). *Id.* at ¶ 25.

{¶ 32} While the court in this case advised Thompson at the sentencing hearing that it was required to impose an indefinite sentence, and that was a presumption that he would be released after serving the minimum term of ten years, the court neglected to

advise him of the rebuttable nature of the presumption or to advise him of the remaining notifications set forth in R.C. 2929.19(B)(2)(c). Accordingly, consistent with *Massie*, Thompson's sentence was contrary to law, and his second assignment of error is sustained.

**{¶ 33}** The judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded to the trial court for the sole purpose of resentencing Thompson pursuant to R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
R. Jessica Manungo
Hon. Douglas M. Rastatter