[Cite as *State v. Thompson*, 2022-Ohio-2316.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-59 |
| | : | |
| JACOB THOMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of July, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, OH 45502
      Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Jacob Thompson appeals from the trial court's judgment resentencing him to a minimum of 10 years and a maximum of 15 years in prison for rape, a first-degree felony. He claims that his sentence is unsupported by the record and therefore contrary to law. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} Following a jury trial, Thompson was found guilty of one count of rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree, and one count of sexual battery in violation of R.C. 2907.03(A)(2), a felony of the third degree. At his initial sentencing, the trial court merged the offenses, and the State elected to proceed to sentencing on the rape offense. The court imposed a minimum of 10 years and a maximum of 15 years in prison, in accordance with the Reagan Tokes Act, and designated him a Tier III sex offender.

{¶ 3} Thompson appealed from his conviction, challenging the constitutionality of the Reagan Tokes Act and the trial court's imposition of an indefinite sentence. We rejected Thompson's arguments that the Act violated the separation of powers doctrine, his due process rights, and his right to trial by jury. *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027. As for the court's imposition of the indefinite sentence, the court had advised Thompson at the sentencing hearing that it was required to impose an indefinite sentence and that there was a presumption that he would be released after serving the minimum term of ten years. We concluded, however, that the sentence was contrary to law, because the trial court failed to notify him at sentencing of the rebuttable nature of the presumption or to advise him of the remaining notifications

set forth in R.C. 2929.19(B)(2)(c). *Id.* at ¶ 32. We therefore reversed Thompson's sentence and remanded for resentencing pursuant to R.C. 2929.19(B)(2)(c). *Id.* at ¶ 33.

{¶ 4} The trial court conducted a resentencing hearing on December 16, 2021. The court proceeded without a presentence investigation, indicating that it had sat through the trial and heard all of the facts and circumstances of the case. The court then heard statements from defense counsel, Thompson, and Thompson's daughter, who made a statement on his behalf. The prosecutor again asked the trial court to merge the rape and sexual battery offenses, to impose 10 to 15 years in prison for rape, and to classify him a Tier III sex offender.

{¶ 5} As requested by the State, the trial court merged the offenses, imposed the indefinite prison term of 10 to 15 years in prison for the rape, and designated Thompson a Tier III sex offender. The court notified Thompson of his registration requirements as a Tier III sex offender, his postrelease control obligation and the consequences of violating postrelease control, and the required notifications for his indefinite sentence, as set forth in R.C. 2929.19(B)(2)(c). The trial court filed a written judgment, consistent with its oral pronouncements, on the same day.

{¶ 6} Thompson appeals from the trial court's December 16, 2021 judgment.

## II. Review of Thompson's Sentence

{¶ 7} In his sole assignment of error, Thompson claims that the trial court's sentence of a minimum of 10 years and maximum of 15 years was contrary to law. He notes that the trial court made no findings at sentencing and contends that the record does not support the sentence. Thompson argues: "Without some findings on the part

of the trial court Appellant's sentence is excessive and is contrary to law."

{¶ 8} In response, the State asserts that Thompson's challenge to the length of his sentence is "outside the scope of appealable issues," because our remand was limited to providing the oral notifications under R.C. 2929.19(B)(2)(c). We infer the State's argument to be that the trial court exceeded the scope of our mandate by conducting a de novo sentencing hearing and that the trial court should have simply provided Thompson the oral notifications required by R.C. 2929.19(B)(2)(c) that it had not previously given. As a result, the length of Thompson's prison sentence was res judicata. Alternatively, the State argues that, even if the length of Thompson's sentence were appealable, the sentence was supported by the record, was within the statutory range, and was not otherwise contrary to law.

{¶ 9} Because the trial court imposed the same sentence as had previously been imposed, we decline to address whether the trial court went beyond our mandate at the December 16, 2021 sentencing hearing. Even assuming that the trial court properly conducted a de novo sentencing hearing, we find no merit to Thompson's arguments.

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio

St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 11} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 12} The Ohio Supreme Court has stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18.

{¶ 13} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 14} Thompson does not dispute that his minimum prison term for rape falls within the statutory range for a first-degree felony. The rape offense was a qualifying felony under R.C. 2929.144(A), and the trial court properly calculated the maximum prison term for the offense. The trial court provided the notifications required by R.C. 2929.19(B)(2)(c), both orally and in the judgment entry.

{¶ 15} Although the trial court did not mention R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing, the trial court stated in its judgment entry that it had considered the record, oral statements of counsel, the defendant's statement, the defendant's criminal history, and the principles and purpose of sentencing under R.C. 2929.11. The court further indicated that it had balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court made no findings to support its sentence, but it was under no obligation to do so, and there is nothing in the record to suggest that the court failed to consider each sentencing factor. On this record, Thompson's sentence was not contrary to law. Thompson's argument that his sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12 is precluded by *Jones.*

{¶ 16} Thompson's assignment of error is overruled.

### III. Conclusion

{¶ 17} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Ian A. Richardson
Kirsten Knight
Hon. Douglas M. Rastatter